DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the sentence imposed by a judgment of the Ottawa County Court of Common Pleas. That court sentenced appellant to serve a total of six and a half years in prison for drug offenses.
On May 6, 1999, as part of a negotiated plea agreement, appellant entered guilty pleas to three drug offenses arising from two separate cases. In case No. 98-CR-097, appellant entered guilty pleas to two of the five indicted offenses.
First, he entered a guilty plea to trafficking in less than one gram of crack cocaine in the vicinity of a juvenile. That offense was a violation of R.C. 2924.03(A), and a fourth degree felony. Next, appellant pled guilty to trafficking in crack cocaine, in an amount greater than one gram, but not more than five grams, in the presence of a juvenile. The second offense represented a violation of R.C. 2925.03(A), and was a felony of the third degree. Finally, in case No. 98-CR-129, appellant pled guilty to the second count of the original two-count indictment: possession of less than one gram of crack cocaine which was a violation of R.C. 2925.11, and a fifth degree felony. The remaining charges were to be dismissed at sentencing.
Sentencing was set for August 2, 1999. The judge misspoke when imposing sentence during that hearing. The court ordered appellant to serve the felony four sentence of eighteen months and the felony five sentence of five years
consecutively to each other at one point, while later stating that the felony five sentence of twelve months would run concurrently with the other sentence. The maximum sentence for a felony of the fifth degree is twelve months in prison. R.C. 2929.14(A)(5). Further, the court did not advise appellant before pronouncing sentence that he could incur additional "bad time" credits while in prison or additional terms in prison for violating the terms of any post-release control or committing another felony while on post-release control.
However, the trial court, after calling a recess after sentencing, went back on the record on August 2, 1999 to state the terms of "bad time" prison and post-release control penal ties. Three days later, the trial court conducted what it termed a "continuation of sentencing" hearing to correct its earlier misstatements regarding whether the length of the sentence for the felony five offense was one or five years and whether it would run consecutively or concurrently with the other sentences. During that continued hearing, the trial court noted that community control was not appropriate for appellant's fourth and fifth degree felony offenses, as required by R.C. 2929.13 and R.C. 2929.19(B)(2).
We sua sponte transfer this to our accelerated docket pursuant to 6th Dist.Loc.App.R. 12(C) and render our decision.
In his first assignment of error, appellant summarily contends that the trial court erred by holding a second sentencing hearing to add the findings required by R.C. 2929.13(B)(1)(a) through (h) to impose a prison term for fourth and fifth degree felonies. At the original sentencing hearing, the trial court should have expressly made a finding giving its reasons for imposing a prison term for the fifth and fourth degree felonies. Appellant's prior prison record, which the trial court cited at the continued hearing on August 5, 1999, was one of the factors listed in R.C.2929.13(B)(1). See R.C. 2929.13(B)(1)(g).
However, that error is harmless where appellant did not object to the second "continuation hearing" where the trial court corrected that omission. In fact, appellant used the second hearing as an opportunity to present further mitigation arguments. Failure to object waives any argument on appeal absent plain error affecting a substantial right. State v.Slagle (1992), 65 Ohio St.3d 597, 604. Consequently, we can find no plain error where a trial court conducts a timely continued hearing to correct an error that did not substantively affect appellant's rights or the length of appellant's sentence. See State v. Oglesby (Nov. 12, 1999), Erie App. No. E-96-082, unreported.[1]
Accordingly, appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant argues that the trial court erred by imposing sentence without informing him that the parole board may extend prison terms if appellant commits a criminal offense under state or federal law while serving the prison term as required by R.C. 2929.19(B)(3)(b). We agree that the trial court omitted this requirement.
At the continued hearing on August 5, 1999, the trial court advised appellant that the Parole Board could increase his prison terms for rules violations in incremental quantities:
 "* * * I am required to advise you that when you arrive at the institution, if you violate the conditions and rules
of the institution, you may incur additional increments of time called bad time in 15, 30, 60, or 90-day increments up to a total of 50 percent of the total term which I have you today." See R.C. 2929.19(B)(3); see R.C. 2967.11
(emphasis added).
However, R.C. 2929.19(B)(3)(b) requires the trial court to advise a defendant that the parole board may administratively increase a prison sentence in increments up to fifty-percent of the prison term imposed by the trial court, including extensions, if the persons commits a crime while in prison. Consequently, the trial court's advice regarding the consequences of violating a prison rule or regulation was incorrect because it did not advise appellant of the consequences of committing a crime while in prison.
Accordingly, appellant's second assignment of error is found well-taken.
The judgment of the Ottawa County Court of Common Pleas is affirmed with respect to imposition of prison sentences instead of community control, but those sentences must be reversed to the extent the trial court did not notify appellant of the penalties for committing a crime while incarcerated. This matter is remanded to the trial court for proceedings consistent with this decision. Costs of this appeal are assessed to appellee.
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., James R. Sherck, J.,Mark L. Pietrykowski, J., CONCUR.
[1] Further, the correct language was contained in the judgment entry filed on August 18, 1999:
 "The Court finds pursuant to Ohio Revised Code Section 2929.12 that the Defendant has served two (2) prior prison terms. * * *
 "The Court finds that the Defendant is not amenable to community control and that prison is consistent with the purpose of Ohio Revised Section 2929.11."
Thus, the court correctly made the proper findings "on the record." See State v. Evans (May 28, 1999), Sandusky App. No. S-98-035, unreported; State v. Eichner (Oct. 8, 1999), Lucas App. No. L-98-1370, unreported.